IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR410-045 |
| ) | |
| JOHN DOE a/k/a Larry Usman ) | |
| Olawale Abolaji, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is the Government's Supplemental Notice and Motion Pursuant to Federal Rule of Evidence 807 to Admit Trustworthy Hearsay Evidence. (Doc. 39.) In this Motion, the Government requests that the Court admit certain hearsay evidence under the residual exception contained in Federal Rule of Evidence 807. Specifically, the Government seeks to introduce statements made to United States Department of State investigators by third parties located in Nigeria.

Federal Rule of Evidence 807 allows the Court to admit certain hearsay evidence that would otherwise be inadmissible if it determines that

> (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered that any other evidence which the proponent can procure through reasonable efforts; and (C) the general purpose of these rules and the interest of justice will best be served by admission of the statement into evidence.

1

Fed. R. Evid. 807. In addition, the party seeking to admit the statement must notify its opponent of its "intention to offer the statement and the particulars of it, including the name and address of the declarant." Id. Such notice must be provided "sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it." Id.

The Eleventh Circuit Court of Appeals has recognized that " 'Congress intended the residual hearsay exception to be used very rarely.' " United Techs. Corp. v. Mazer, 556 F.3d 1260, 1279 (11th Cir. 2009) (quoting United States v. Ingram, 501 F.3d 963, 967 (8th Cir. 2007)). The exception is only applicable " 'when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present." Id. (quoting United States v. Wright, 363 F.3d 237, 245 (3d Cir. 2004)). In that regard, the Eleventh Circuit has identified five elements a party must establish before evidence can be admitted under Rule 807: (1) the evidence is particularly trustworthy; (2) the evidence bears on a material fact; (3) the evidence is the most probative evidence addressing that fact; (4) admission of the evidence would be consistent with the rules of evidence and advance the interests of justice; and (5) adequate notice has been provided to the adverse party. United States v.

Rodriguez, 218 F.3d 1243, 1246 (11th Cir. 2000). After reviewing the Government's Motion, the Court concludes that the proffered evidence is inadmissible for two reasons.

First, the Government's Motion must be denied because it failed to offer any argument that the hearsay was particularly trustworthy. Rule 807 requires that the hearsay statement have "guarantees of trustworthiness." That is, there must be some evidence to show that the statement, while hearsay, is particularly believable. In this case, the Government states only that "the evidence is 'particularly trustworthy' as there is no evidence indicating that the testimony provided to the United States Department of State Investigators was fabricated, made up or coerced." (Doc. 39 at 3.) However, the Government's statement is merely an observation that, in its opinion, there is little evidence to indicate that the declarants' statements are false. Indeed, it is no surprise that the Government believes that its own witnesses are telling the truth. However, the Court is disinclined to find that the Government vouching for its own witnesses establishes a sufficient "guarantee of trustworthiness" in their testimony to render it admissible under Rule 807. Therefore, the Court concludes that the proffered statements are not admissible under Rule 807 because the Government has not established that

3

the statements are particularly trustworthy. As a result, the Government's Motion is **DENIED**.[1]

Second, the Government failed to give Defendant sufficient notice of its intent to use these statements. Rule 807 provides that "a statement may not be admitted . . . unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement." In this case, the Government provided Defendant the required notice six days prior to the start of trial. Even assuming, for the moment, that such notice would be adequate where the declarants were located in the United States, it can hardly be considered adequate when the declarants are located in four different Nigerian towns. With only six days notice, the

---

[1] It is likely that this evidence would violate the Sixth Amendment's Confrontation Clause because the proffered statements here are testimonial in nature. That is, the statements were " 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.' " United States v. Baker, 432 F.3d 1189, 1203 (11th Cir. 2005) (quoting Crawford v. Washington, 541 U.S. 36, 52 (2004)). Moreover, "formal statement[s] to government officers" are generally testimonial. Crawford, 541 U.S. at 51. Testimonial statements are inadmissible at trial unless "(1) the declarant is unavailable, and (2) and the defendant has had a prior opportunity to cross-examine the declarant." Id. In this case, Defendant has not been afforded the required opportunity to cross-examine the declarants regarding their statements, making their admission prohibited by the Confrontation Clause.

4

Defendant is ill afforded a "fair opportunity to prepare to meet" this evidence, which is located across the Atlantic Ocean in four separate towns on the west coast of Africa. Fed. R. Evid. 807. Therefore, the Court concludes that the proffered statements are not admissible under Rule 807 because the Government failed to provide Defendant with sufficient notice of its intent to use these statements. As a result, the Government's Motion is **DENIED**.

SO ORDERED this 1ST day of June 2010.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA